UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MALIK H. SWINTON,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN J. O'MALLEY, Commissioner of<br>the Social Security Administration,<br><br>    Defendant. | Case No. 1:23-CV-279-GSL-SLC |

## **OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Remand for Further Administrative Proceedings [DE 23], filed on April 15, 2024. The parties agree that the decision of the Commissioner should be reversed, and the case should be remanded to the Social Security Administration for further proceedings but disagree as to the vehicle for remand: sentence four or sentence six of 42 U.S.C. § 405(g).

## **LEGAL STANDARD**

"In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g)...." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

Under sentence four of § 405(g), "a district court may remand to the Commissioner for further administrative proceedings in conjunction with judgment on the merits...." Barbara Samuels, 2 Soc. Sec. Disab. Claims Prac. & Proc. § 19:67 (2nd ed.). *See* 28 U.S.C. § 405(g) (2020) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). Unlike a sentence six remand,

"[a] sentence-four remand concludes the litigation in the district court; any protest about the Commissioner's decision on remand requires a new suit." *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975 (7th Cir. 1999); *see Schaefer*, 509 U.S. at 297 (1993) (finding the "principal feature that distinguishes a sentence-four remand from a sentence-six remand" is that in a sentence-four remand there is an "immediate entry of judgment" but in a sentence-six remand an "entry of judgment [is made] after post remand agency proceedings have been completed and their results filed with the court").

Under sentence six of § 405(g), "[t]he court… may at any time order additional evidence to be taken before the Commissioner of Social Security, but *only upon a showing that there is new evidence which is material* and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security… shall file with the court any such additional and modified findings of fact and decision…." 28 U.S.C. § 405(g) (2020) (emphasis added). A sentence six remand is only permissible by motion of the Plaintiff in one context—upon a showing that "there is *new evidence which is material* and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." *Jens v. Barnhart*, 347 F.3d 209, 214 (7th Cir. 2003) (citing §405(g)) (emphasis added).

## **DISCUSSION**

While both parties request that this Court remand this case to the ALJ for further proceedings, only the Plaintiff argues for a remand pursuant to sentence six. [DE 24]. In his opening brief, the Plaintiff alleges that the Defendant made several errors in the Plaintiff's prior related cases. [DE 14]. These errors include the Defendant's failure to properly notify the Plaintiff to the cessation of his benefits in June 2021 and the Defendant's failure to include all

2

the relevant documents in the record related to his fraud redetermination. The Plaintiff argues that a remand pursuant to sentence six is necessary to ensure that, on remand, the Defendant properly handles these issues.

Nowhere in his opening brief does the Plaintiff indicate that he has new and material evidence to offer. [DE 14]. Likewise, in his response brief to the instant motion, the Plaintiff continues to only allege that the Defendant made procedural errors when handling the Plaintiff's two most recent applications for benefits. [DE 24]. The Plaintiff fails to demonstrate that there is any new and material evidence to offer in a post-remand administrative proceeding. Moreover, the Defendant does not proffer any new and material evidence. [DE 23, 25]. The Defendant only asks that, upon remand, the ALJ conduct a reopening before readjudicating any prior adjudicated period, with proper consideration given to the Plaintiff's prior fraud conviction. [DE 23]. For all of these reasons, the Court determines the proper vehicle for remand in this case is pursuant to sentence four of § 405(g), not sentence six.

In a separate argument to the Court, the Plaintiff argues that the Court should order the assignment of a different ALJ on remand because the current ALJ failed to provide a fair and impartial hearing due to an alleged display of bias. [DE 14]. The Plaintiff admits that the standard for demonstrating ALJ bias is an "exacting one." [DE 14]; *see Keith v. Barnhart*, 473 F.3d 782, 788 (7th Cir. 2007)). Per the Seventh Circuit, there is a presumption that an ALJ is unbiased, and this presumption is overcome only if the petitioner demonstrates that the ALJ has "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible…." *Barnhart*, 473 F.3d at 788 (quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994)). The Plaintiff's evidence of the ALJ's alleged display of bias is a short excerpt from the transcript, where the ALJ references the Plaintiff's plea agreement for committing fraud in prior

benefits applications. [DE 6, page 49-52]. The ALJ's comments do not satisfy the requisite hostility or antagonism that would sustain an allegation of bias. *Cf. Litkey*, 510 U.S. at 556 ("Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune."). Moreover, the ALJ's written decision does not make any reference to the Plaintiff's plea agreement for committing fraud in prior benefits applications. [DE 6, page 14-33]. *See Barnhart*, 473 F.3d at 788 ("The court has rejected allegations that due process is violated when isolated parts of an ALJ's conduct were challenged but the record as a whole demonstrated fundamental fairness in the litigant."). Therefore, the Plaintiff fails to demonstrate that the ALJ failed to provide a fair and impartial hearing due to an alleged display of bias, and the Court denies the Plaintiff's request for a different ALJ.

## **CONCLUSION**

The Court hereby GRANTS the Defendant's Motion to Remand for Further Administrative Proceedings [DE 23], REVERSES the decision of the Commissioner, and REMANDS this matter under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. Upon remand, the Administrative Law Judge will offer the Plaintiff an opportunity for a new hearing, take any further action necessary to complete the administrative record, re-evaluate the medical opinions, obtain supplemental vocational expert testimony if necessary, and issue a new decision. The Administrative Law Judge will conduct a reopening before readjudicating any prior adjudicated period and will reconsider the agency's prior favorable decisions only if there is a preponderance of the evidence that shows the Plaintiff obtained those

benefits by fraud or similar fault. *See* HALLEX I-2-9-85; 20 C.F.R. § 404.988(c)(1); *Wyatt v. Barhart*, 349 F.3d 983, 985 (7th Cir. 2003).

SO ORDERED.

ENTERED: May 1, 2024.

/s/ GRETCHEN S. LUND
Judge
United States District Court

5